[Cite as *State v. Winn*, 2014-Ohio-3347.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130800 |
| | | TRIAL NO. B-1305338-B |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| SHANAE WINN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  August 1, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael Trapp*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DeWine, Judge.**

{¶1}     This is an appeal from a judgment entry of two convictions for burglary. Shanae Winn claims that the court erred when it indicated on its judgment that she had pleaded guilty to two counts of burglary in violation of R.C. 2911.12(A)(2).  The record is clear that Ms. Winn pleaded guilty to and was convicted of fourth-degree burglary in violation of R.C. 2911.12(B), so we remand the case so that the trial court can correct its judgment entry.

{¶2}     Ms. Winn was indicted for two counts of second-degree burglary for her part in driving her boyfriend to homes of two of his uncles so that he could break into the homes and steal property.  As a result of a plea bargain, Ms. Winn agreed to plead guilty to amended charges that lowered the degree of the offenses to fourth-degree burglary.  During the plea hearing, the court acknowledged that Ms. Winn was pleading guilty to two counts of fourth-degree burglary.  The court reiterated its understanding during the sentencing hearing, and sentenced Ms. Winn accordingly.  But in both hearings, while correctly stating that Ms. Winn was pleading to fourth-degree felonies, the court referred to the statute sections to which Ms. Winn pleaded guilty as R.C. 2911.12(A)(2) rather than R.C. 2911.12(B).  The judgment entry repeated the mistake, incorrectly stating that Ms. Winn had pleaded guilty to two counts of "BURGLARY (AMENDED) 2911-12A2/ORCN, F4."

{¶3}     In her sole assignment of error, Ms. Winn asserts that the court erred in stating on the judgment entry that she had been convicted of burglary in violation of R.C. 2911.12(A)(2).  The state concedes the error.  We conclude that the error is a clerical one, correctible under Crim.R. 36.  *See State v. Lattimore*, 1st Dist. Hamilton No. C-010488, 2002-Ohio-723.  We therefore sustain the assignment of error, and remand the

case for the trial court to correct the error in its judgment entry. The judgment of the trial court is otherwise affirmed.

Judgment affirmed and cause remanded.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.